UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID H. LANE, JR.,

    Plaintiff,

v.                               CAUSE NO.: 3:19-CV-259-RLM-MGG

MICHAEL PERSON,

    Defendant.

OPINION AND ORDER

David H. Lane, Jr., a prisoner without a lawyer, filed a complaint against Dr. Michael Person seeking compensatory and punitive damages and alleging he received inadequate medical treatment while housed at the LaPorte County Jail. Mr. Lane alleges that he received inadequate care for a brain tumor. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendant[] deprived him of a federal constitutional right; and (2) that defendant[] acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Lane alleges that he has been denied access to a neurologist throughout his time at the LaPorte County Jail, and that, for the last 18 months,

he hasn't received adequate medical treatment for his brain tumor. He claims that Dr. Michael Person, who is the Director of Advanced Correctional Healthcare and the primary doctor at the jail, has refused to refer him to a neurologist even though another doctor, Dr. Neil Wangstrom, believed that Mr. Lane needed to see a neurologist. He also claims that Dr. Person has reviewed his medical records from the University of Michigan, which indicate he has a brain tumor and that a resection or removal procedure is needed to alleviate the pain and discomfort he is having from headaches, nausea, and vision and hearing loss. Dr. Person has allegedly denied that Mr. Lane suffers from a brain tumor.[1] According to Mr. Lane, Dr. Person's intentional refusal to provide him with adequate medical care for his brain tumor has caused unnecessary pain and discomfort for more than 18 months. Mr. Lane hasn't indicated when he was diagnosed with the brain tumor, what treatment (if any) he has received or when he received it, or whether there have been recent changes in his medical condition.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as

---

[1] While Mr. Lane indicated that he had attached medical records from the University of Michigan, no records were received by this court.

2

mandating treatment, or one so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). A delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. Arnett v. Webster, 658 F.3d 742, 752-753 (7th Cir. 2011); Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008). Giving Mr. Lane the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, Mr. Lane's complaint states a claim on which relief can be granted against Dr. Pearson for deliberate indifferent to his medical needs arising from his brain tumor.

For these reasons, the court:

> (1) GRANTS the plaintiff leave to proceed against Dr. Michael Person in his individual capacity for compensatory and punitive damages for failing to provide the plaintiff with adequate medical care for his brain

3

tumor, while housed at the LaPorte County Jail, in violation of the Eighth Amendment;

(2) DIRECTS the clerk and United States Marshals Service to issue and serve process on Dr. Michael Person at the LaPorte County Jail with a copy of this order and the complaint, pursuant to 28 U.S.C. § 1915(d);

(3) DISMISSES all other claims; and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Michael Person respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 18, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT